## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : C. A. No.: 10-442-LPS/MPT |
| JEFFRY S. PEARSON, | : |
| Defendant. | : |

## **REPORT AND RECOMMENDATION**

### **I. Introduction**

Plaintiff United States ("Government") initiated this action seeking judgment against pro se defendant Jeffry Pearson ("Pearson"), in the amount of $93,444.28 for student loans and interest payments on which Pearson allegedly defaulted.[1]

Pearson answered denying all allegations by the Government, and asserted affirmative defenses.[2] The Government moved for summary judgment in its favor.[3] Pearson filed an objection to the Government's motion, requesting the court deny the motion as being filed in violation of the scheduling order.[4] He further requests, in the alternative, additional time to respond to the motion on the merits.[5]

### **II. Background**

---

[1] D.I. 1.
[2] D.I. 5. Pearson asserted the following affirmative defenses:  1. Claims are barred in whole or in part by the defense of payment; 2. Claims are barred in whole or in part by the provisions of any promissory notes allegedly signed by defendant; 3. Claims for interest and/or collection fees are barred or limited by statute; and 4. Claims are barred in whole or in part by the provisions of a forbearance believed to have been granted to defendant.
[3] D.I. 13.
[4] D.I. 14.
[5] D.I. 14.

### A. Procedural History

On May 27, 2010, the Government filed a complaint seeking judgment against Pearson for student loans and interest payments totaling $ 93,444.28, as well as prejudgment interest accruing from April 10, 2010 until the loans are paid in full, plus post judgment interest, costs and other proper relief.  On August 18, 2010, Pearson denied all allegations, and raised the affirmative defenses previously noted herein.

On September 27, 2010, the Government served its disclosures under to FED. R. CIV. P. 26.  Pearson failed to provide his disclosures.  Thereafter, the Government served requests for admission, interrogatories, and requests for production of documents on December 10, 2010.[6]

By the expiration of the thirty day time period to respond to written discovery, Pearson had failed to answer any of the Government's propounded discovery.  On January 28, 2011, the Government notified Pearson, that his failure to respond to its requests for admission meant all matters asserted therein were admitted, and also asked him to stipulate to entry of judgment in its favor.  Again, Pearson never responded.

The Government moved for summary judgment on September 7, 2011.  Pearson objected to the Government's motion asserting the motion violated paragraph 7 of the Scheduling Order which provides for case dispositive motions to be filed by April 15, 2011, a date from which the Government did not seek an extension.  Pearson asks the court to disallow the Government's motion, or alternatively, requests additional time to

---

[6] D.I. 12 at 1.

respond on the merits.

### B. Factual History

Pearson, an attorney representing himself, executed a promissory note on August 5, 1982 to secure a $600 loan at 5% interest per annum under the federally funded National Defense/Direct Student Loan program.[7] After demanding payment of the loan pursuant to terms of the note, the Institution declared the loan in default on or about November 11, 1987. According to a certification from the federal Department of Education ("Department"), the total debt due on this loan was $656.60 as of April 12, 2010.

On May 15, 2000, Pearson executed a second promissory note to secure a Direct Consolidated Loan from the Department. The Department distributed two payments of $34,043.63 and $23,843.18, on June 5, 2000 at an 8% annual interest rate. The Department subsequently demanded payment, and on November 10, 2008, declared the obligation in default. A certification from the Department confirms the amount due on this loan was $92,787.58 as of April 12, 2010.

Accordingly, Pearson owes a combined total amount of $93,444.28 for defaulting on both loans.[8]

## III. Analysis

### A. Legal Standard

**Motion for Summary Judgment**

---

[7] This program is authorized under Title IV-E of the Higher Education Act of 1965, as amended. Virginia Polytechnic Institute and State University (the "Institute") administered the loan.
[8] D.I. 1, Ex. A and B.

Summary Judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law."[9] Once there has been adequate time for discovery, Rule 56(c) mandates judgment against the party who "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[10] When a party fails to make such a showing, "there can be no 'genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[11] The moving party is therefore entitled to judgment as a matter of law because "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."[12] A dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

The moving party bears the initial burden of identifying portions of the record which demonstrate the absence of a genuine issue of material fact.[14] However, a party may move for summary judgment with or without supporting affidavits.[15] Therefore, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence supporting the nonmoving party's

---

[9] FED. R. CIV. P. 56(c)(2).
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[11] *Id.* at 323.
[12] *Id.*
[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[14] *Celotex*, 477 U.S. at 323.
[15] *Id.*

case."[16]

If the moving party has demonstrated an absence of material fact, the nonmoving party must then "come forward with specific facts showing that there is a genuine issue for trial."[17]  If the nonmoving party bears the burden of proof at trial, he "must go beyond the pleadings in order to survive a motion for summary judgment."[18]  That party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial."[19]  At the summary judgment stage, the court is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."[20]  Further, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[21]  The threshold inquiry, therefore, is "determining whether there is a need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[22]

**B. Position of the Parties.**

Pearson's answer denies all allegations asserted by the Government, raised a number of affirmative defenses, and requests the court dismiss the complaint.  In response to the Government's motion for summary judgment, Pearson avers the motion is untimely under the Scheduling Order because the Government filed its motion almost

---

[16] *Id.* at 325.
[17] FED. R. CIV. P. 56(c).
[18] *Yeager's Fuel v. Pennsylvania Power & Light Co.*, 22 F.3d 1260, 1273 (3d Cir. 1994).
[19] *Anderson*, 477 U.S. at 248.
[20] *Id.* at 249.
[21] *Id.*
[22] *Id.* at 250.

five months after the deadline and never requested an extension. According to Pearson, the Government provided no explanation for its noncompliance. As a result, he requests the motion be disallowed, or alternatively, additional time to respond to the motion on the merits.

The Government contends by failing to respond to its requests for admission, Pearson has admitted he defaulted on loans, and summary judgment should be granted because there are no disputed material facts on the record.

### C. Effect of Failure to Respond to Requests for Admission.

Pursuant to Rule 36, a party may serve a written request upon another party for admission of the truth of any matters relating to facts, the application of law to fact, or opinions about either.[23] Moreover, Rule 36(a)(3) states "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Regardless of the potential harshness of the result for failing to respond to Rule 36 discovery, the conclusive effect of requests for admission applies equally to those admissions made affirmatively and those established by default as a result of a party's neglect to respond.[24] The Third Circuit has held such admissions under Rule 36 are sufficient to support entry of summary judgment.[25] Since Rule 36 is self-executing, the party relying on an admission by default need do nothing to establish

---

[23] FED. R. CIV. P. 36(a)(1)(A).
[24] *Am. Auto. Ass'n, Inc., v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).
[25] *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 178 (3d Cir. 1990); *See also Lucas v. Higher Education Assistance Found.*,124 B.R. 57, 58 (Bankr. N.D. Oh. 1991) (failure to respond to request for admission allows entry of summary judgment if facts deemed admitted are dispositive).

the admission.[26]

The Government served requests for admission on Pearson on December 10, 2010. Pearson failed to respond to the requests. Subsequently, on January 28, 2011, the Government informed Pearson by letter, that by failing to respond he had admitted all matters asserted in the requests. Pearson never commented, objected, disagreed or responded to the Government's position.

Pearson's repeated failure to respond to any discovery propounded by the Government, in particular, its requests for admission, conclusively establishes the Government's claim. Specifically, by not responding to the requests for admission, he has admitted to defaulting on the loans in the manner and amount alleged in the complaint.

### D. Applicability of Rule 36 (b)

Under Rule 36(b), any matter admitted is conclusively established unless the court, on motion, permits the admission to be withdraw or amended.[27] Rule 36(b) sets forth a party's process for relief from an admission.[28] Because the language of the rule is permissive, the court is not required, but rather has discretion, to provide relief from the effects of Rule 36(a)(3).[29] The court may grant relief in cases of default if the requests are manifestly improper,[30] or are intentionally used to gain an unfair

---

[26] *Drennen v. Sentinel Real Estate Corp.*, CV-04-0802-PHX-DGC, 2005 WL 3369466, *1 (D. Ariz. Dec. 9 2005)
[27] FED. R. CIV. P. 36(b).
[28] *Drennen*, 2005 WL 3369466 at *1; *see also United States v. Kasuboski*, 834 F. 2d 1345, 1350 (7th Cir. 1987) (the proper procedural vehicle to attempt to withdraw admission is through a motion under rule 36(b)).
[29] *Lucas*, 124 B.R. at 58.
[30] *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D. N.Y. 1973).

advantage, and thereby cause a party to admit essential elements of a claim or defense.[31]  A request for admission is improper if it requests admissions of law.[32]

Pearson could have sought relief by filing a Rule 36(b) motion to amend or withdraw his admissions.  No such motion was filed, nor has he requested leave to file such a motion.  The only leave requested by him is additional time to file a brief.  That request suggests he intends to ignore his admissions and dispute the Government's facts established by his failure to respond to its discovery–in other words, circumvent his obligations to appropriately respond to the Government's outstanding discovery.

In determining whether relief from Rule 36(a) is appropriate, a court considers whether the party seeking relief has a reasonable excuse and must assess prejudice to the opposing party,[33] and whether the presentation of the merits will be aided.[34]  Even considering those factors, no relief from the effect of Rule 36 is warranted.  Pearson has provided no excuse for failing to respond to any discovery propounded by the Government, nor has he ever requested relief from the court in that regard.  His solution, filing a brief on the merits, prejudices the Government by denying it the information sought in its outstanding discovery as well as any additional discovery, such as depositions, that could reasonably flow from his original responses.[35]  Further briefing is unnecessary since the relevant facts have been admitted.

Moreover, the Government's requests for admissions were not manifestly

---

[31] *Perez v. Miami-Dade Country*, 297 F.3d 1255, 1268 (11th Cir. 2002).
[32] *Williams*, 61 F.R.D. at 144.
[33] *Brust v. Industrial Bank of Commerce*, 18 F.R.D. 90, 91 (S.D. N.Y. 1955); *Melody Tours, Inc. v. Granville Market Letter, Inc.*, 413 So.2d 450, 451 (Fla. Dist. Ct. App. 5th Dist. 1982); *Coolik v. Hawk*, 212 S.E.2d 7, 8 (1974).
[34] *In re S.W. Bach & Co.*, 09-01278(MG), 2010 WL 681000, *2 (Bankr. S.D.N.Y Feb. 24, 2010).
[35] *See* D.I. 6.  Under the Scheduling Order, all discovery was to be completed by March 31, 2011.

improper. As evidenced by exhibit 1 to the Government's opening brief,[36] the requests were for admissions of facts, addressed matters separately stated, and did not request admissions of law. In separate requests, Pearson was asked to admit or deny that he executed a promissary note in August 1982 to secure loans from the Institute totaling $600 at 5% per annum; the Institution made the loans to the him; those loans were made under the federally-funded National Defense/Direct Student loan program; his payment obligation for the Institute's loans was declared in default as a result of his failure to pay consistent with the terms of the note; he later executed another promissory note around May 15, 2000 securing a loan from the Department; this loan was disbursed two amounts, $34,043.63 and $23,843.18 at 8% per annum; and he defaulted on his payment obligation on the subsequent loan on or about November 10, 2008. Such requests are consistent with Rule 36(a)(1).

Within the thirty day period following the service of those requests, Pearson was required to admit or deny or state in detail why he could not truthfully admit or deny each request, with any denial required to "fairly respond to the substance of the matter."[37] Further Pearson was also obligated in good faith to admit in part and deny in part in when his response was qualified.

The two-fold purpose of Rule 36, designed to reduce trial time, is facilitating proof regarding those issues that cannot be eliminated and narrowing issues that can be eliminated.[38] Pearson's conduct and proposed approach contravenes those objectives.

---

[36] D.I. 12.
[37] FED. R. CIV. P. 36(a)(4).
[38] Rule 36, ADVISORY NOTES.

Pearson failed to timely respond to the requests for admission or seek relief pursuant to the Federal Rules of Civil Procedure to excuse his delinquency. Therefore, the requests are admitted.[39] Since Pearson admitted the relevant facts proving the Government's case, no genuine issue of material fact exists. Thus, no factual issue remains for trial, and judgment is warranted against him for his default on the loans along with the accumulated and accruing interest until full payment is made.

### E. Pearson's Status as a Pro Se Litigant.

Historically, courts have noted that "[a] pro se complainant . . . must be held to less stringent standards than formal pleadings drafted by lawyers."[40] However, a pro se litigant, who is also an attorney, is not afforded the latitude ordinarily accorded to the typical pro se claimant.[41] "If clients may be held liable for their attorney's failure to meet deadlines and comport procedurally, then an attorney representing [himself] should similarly be held accountable for missing deadlines."[42] Proceeding as a pro se litigant does not give a party the right to "flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in his favor."[43]

Although Pearson is proceeding pro se, he is not entitled to the same leniency afforded non-lawyer pro se litigants. As an attorney, he is subject to a higher standard, and has provided no basis for his failures to abide by the court's scheduling order, the

---

[39] *See Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, *3 (D.Del. June 30, 2010).
[40] *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 116 (D. D.C. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[41] *Ning Ye*, 644 F. Supp. 2d at 116.
[42] *In re Morgan*, No. 09-16188, 2010 WL 2594823, *3 (Bankr. S.D.Fla. June 17, 2010).
[43] *Lewis*, 2010 WL 2640188 at *3.

Federal Rules of Civil Procedure or this court's local rules before the threat of possible dismissal through the Government's motion. His past behavior demonstrates a choice to essentially ignore this matter, absent filing an answer and purported response to the Government's motion for summary judgment; thus, his eleventh hour argument is disingenuous, particularly in light of his own dilatory conduct.

## IV.  Order and Recommended Disposition

For the reasons stated herein, this court recommends that:

(1) Pearson's request (D.I. 14) to dismiss the Government's motion for summary judgment or for additional time to respond to that motion be denied.

(2) The Government's motion for summary judgment (D.I.13) be granted, including entry of judgment against Pearson in the amount of $93,444.28 for principal and interest on the defaulted loans, plus additional prejudgment interest accruing from April 12, 2010 until judgment is paid, plus post judgment interest at the legal rate and costs.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.[44] The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the Court's standing Order in Pro Se matters for Objections filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is

---

[44] FED. R. CIV. P. 72(b).

available on the Court's website, www.ded.uscourts.gov.


Date: March 19, 2012                    /s/ Mary Pat Thynge
                                        United States Magistrate Judge