IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : | Civ. No. 10-442-LPS-MPT |
| JEFFREY S. PEARSON, | : : : | |
| Defendant. | : | |

## MEMORANDUM ORDER

**WHEREAS**, Magistrate Judge Thynge issued a Report and Recommendation ("R & R") (D.I.16), dated March 19, 2012, recommending that the Court grant the motion for summary judgment filed by Plaintiff, the United States of America (the "Government") on September 7, 2011 (D.I.13);

**WHEREAS**, Defendant Jeffrey S. Pearson ("Pearson") timely filed objections to the R & R on April 3, 2012 ("Objections") (D.I.17);

**WHEREAS**, the Court has considered the motion *de novo*, as it is case-dispositive, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(3); *see generally Tagayun v. Lever & Stolzenberg*, 239 Fed. Appx. 708 (3d Cir. Mar. 15, 2007);

**WHEREAS**, the Court has considered the underlying evidentiary rulings by Magistrate Judge Thynge for whether they are "clearly erroneous or contrary to law," *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a); *see generally Haines v. Liggett Group, Inc.*, 975 F.2d 81 (3d Cir. 1992);

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. The Objections (D.I.17) are **OVERRULED**.

2. Magistrate Judge Thynge's R & R (D.I.16) is **ADOPTED**.

3. The motion for summary judgment (D.I.13) is **GRANTED**.

4. Pearson presents nine issues in his Objections. None warrants denial of the Government's motion for summary judgment.

   a. Pearson objects that Magistrate Judge Thynge erred in permitting the Government to file a motion for summary judgment after the deadline set in the Scheduling Order. Pearson's suggestion that the Scheduling Order acts as a bar to a motion for summary judgment is mistaken, as the Court always retains discretion to modify the Scheduling Order. *See* Fed. R. Civ. Proc. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ."); Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

   b. Pearson objects that Magistrate Judge Thynge erred by failing to dismiss this action pursuant to D. Del. LR 41.1. This was not error. Local Rule 41.1 allows the Court to dismiss a pending case when no action has been taken for three months. However, the rule is permissive, not mandatory, stating that the Court "may" dismiss a case based on inactivity on its own motion or upon application of a party. Also, such dismissal must be preceded by "reasonable notice and an opportunity to be heard," which did not occur here. D. Del. LR 41.1. In addition, Local Rule 1.1(d) expressly recognizes the Court's discretion to modify "application of the Rules in any case or proceeding . . . in the interests of justice."

   c. Pearson objects that the R & R erred in granting summary judgment for the Government on the $656.60 NDSL/Perkins loan. Pearson asserts that the Government should not be permitted to obtain judgment for the $656.60 NDSL/Perkins loan because this loan is not

included in the complaint.  Pearson is incorrect, as the complaint does seek to recover this amount.  (D.I. 1 at ¶ 4 & Ex. A)

        d.      Pearson objects that summary judgment cannot be granted on the basis of his alleged factual admissions.  He contends that the Government's requests for admission improperly sought conclusions of law.  He further asserts that when a request for admission asks for a legal conclusion, failure to respond to that request should be treated as a denial rather than an admission.

A request for admission must pertain to matters of fact.  *See* Fed. R. Civ. Proc. 36(a)(1).  Magistrate Judge Thynge's ruling that the Government's requests for admission were factual (D.I. 16 at 8-9) was not clearly erroneous or contrary to law.

Pearson is further mistaken in his contention that his failure to respond to the Government's requests for admission should have been treated as denials.  When a party serves requests for admission during the discovery period, the receiving party has thirty days to respond.  *See* Fed. R. Civ. Proc. 36(a)(3).  If no reply or objection is made within thirty days, the requests are deemed admitted.  *See id.*  When Pearson failed to respond or object to the Government's requests for admission within thirty days, the matters therein were admitted.  *See id.*; *see also* D.I. 16 at 6-7.  While the Court, upon motion, may allow a matter admitted under Rule 36 to be withdrawn or amended, *see* Fed. R. Civ. Proc. 36(b), Pearson made no such motion.

It follows that there was no error in relying on Pearson's admissions as a basis for granting the Government's motion for summary judgment.  *See Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n.7 (3d Cir. 1990).

        e.      Pearson objects that Magistrate Judge Thynge erred in denying Pearson's request to respond to the Government's motion for summary judgment on the merits.  Pearson

asserts that because Magistrate Judge Thynge allowed the Government's motion after the Scheduling Order deadline, Pearson should have been allowed more time to respond on the merits.

As discussed above, there was no error nor abuse of discretion in permitting the Government to file its motion for summary judgment. *See supra* ¶ 4.a. Pearson filed a timely response to the motion, arguing that it was time-barred, that the Court could not rely on his admissions, and that, alternatively, he should be allowed to respond to the Government's motion on the merits. The first two of these contentions have already been addressed. As for the third, Magistrate Judge Thynge correctly determined that the Government's motion was based solely on Pearson's admissions and that a response based on the merits would not affect those admissions.[1] Since it was not improper to hold Pearson to his admissions, it was also not improper to refuse to give him additional time to attempt to make a conflicting evidentiary record.

    f.  Pearson objects that the R & R erred in determining that Pearson failed to make disclosures pursuant to Fed. R. Civ. P. 26. Pearson contends that Rule 26 does not require disclosures when suit is brought by the Government for the collection of student loans. Federal Rule of Civil Procedure 26(a)(1)(B)(vii) exempts from initial disclosure obligations "an action by the United States to collect on a student loan guaranteed by the United States," such as the instant action. This does not, however, absolve a defendant in such a case of his obligation to respond to discovery,

---

[1] *See* D.I. 16 at 8 ("Pearson has provided no excuse for failing to respond to any discovery propounded by the Government, nor has he ever requested relief from the court in that regard. His solution, filing a brief on the merits, prejudices the Government by denying it the information sought in its outstanding discovery as well as any additional discovery, such as depositions, that could reasonably flow from his original responses. Further briefing is unnecessary since the relevant facts have been admitted.") (internal footnote omitted).

including requests for admission governed by Rule 36.

        g.      Pearson objects again that he should have been given time to respond to the Government's motion on the merits, because the Government was allowed to file its motion after the Scheduling Order deadline and because the Court itself took six months to rule on the Government's motion. These contentions lack merit. The Court has already explained that there was no error in denying Pearson's belated request to attempt to create an evidentiary record contradicting his admissions. And the amount of time the Magistrate Judge (or the undersigned Judge) took to resolve issues presented by the parties is utterly irrelevant.

        h.      Pearson's objection that Magistrate Judge Thynge erred in concluding that the Government would be prejudiced if he were granted extra time to file a response on the merits is baseless. Pearson circumvented the discovery process. This prejudiced the Government. Such prejudice would have been compounded by permitting Pearson, belatedly – and while still not having participated in discovery – to attempt to create an evidentiary record.

        i.      Finally, Pearson objects that Magistrate Judge Thygne erred in determining that Pearson caused delay and failed to abide by the local and federal rules of civil procedure. It follows from all that has been stated above that the Magistrate Judge's conclusion was correct.

        5.      For the foregoing reasons, the Clerk of Court is directed to enter judgment **FOR** the Government and **AGAINST** Pearson and to **CLOSE** this case.

Dated: August 7, 2012

                                                 UNITED STATES DISTRICT JUDGE